**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1652

JOHN C. KIRIAKOU,

        Plaintiff - Appellant,

   v.

JOHN BAMFORD; HEATHER K. KIRIAKOU; NORTHROP GRUMMAN CORPORATION,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:20-cv-00662-CMH-JFA)

Submitted: January 31, 2023                  Decided: March 10, 2023

Before DIAZ and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** Bruce Fein, LAW OFFICES OF BRUCE FEIN, Washington, D.C., for Appellant. Ilana H. Eisenstein, Philadelphia, Pennsylvania, Brett Ingerman, DLA PIPER LLP (US), Baltimore, Maryland; Richard C. Sullivan Jr., Jonathan M. Harrison II, BEAN, KINNEY & KORMAN, P.C., Arlington, Virginia; Ryan Samuel, ARLINGTON COUNTY ATTORNEY'S OFFICE, Arlington, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Kiriakou appeals the district court's order dismissing for lack of standing his refiled civil complaint. On appeal, Kiriakou, who had previously filed for bankruptcy under Chapter 7, contends that because he acquired the bankruptcy estate's interest in the litigation claims before filing his second complaint, he adequately pleaded standing. For the reasons that follow, we vacate the district court's order and remand for further proceedings.

We review de novo a district court's dismissal for lack of standing. *Episcopal Church in S.C. v. Church Ins. Co. of Vt.*, 997 F.3d 149, 154 (4th Cir. 2021). As the party invoking the district court's jurisdiction, Kiriakou bears the burden of demonstrating standing. *Id.* "If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999).

It is undisputed that Kiriakou had acquired from the bankruptcy estate the causes of action pleaded in his second complaint after the district court dismissed his first complaint for lack of standing. In the second complaint, Kiriakou alleged that all causes of action belonged to him, though he did not specifically mention the bankruptcy trustee's return of the claims to him. Moreover, a review of the bankruptcy court's docket discloses that Kiriakou had acquired the causes of action, a fact of which the district court could have taken judicial notice. *See United States v. Townsend*, 886 F.3d 441, 444 (4th Cir. 2018) (noting that court records are the most common type of judicially noticed records).

Accordingly, although we deny as moot Kiriakou's motion for summary reversal, we vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*