**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| JOHN C. KIRIAKOU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-662 |
| | ) |
| JOHN BAMFORD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

THIS MATTER comes before the Court on Defendants John Bamford, Heather Kiriakou, and Northrop Grumman Corporation's ("Grumman") motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

Plaintiff John Kiriakou has filed various claims against Defendants for their actions in relation to his arrest and searches of his property in 2019. He filed one complaint against Defendants on June 12, 2020 and another complaint in a separate action against the same Defendants on October 8, 2021. Those actions were subsequently consolidated under the instant case. Defendants Bamford and Kiriakou's motions to dismiss are directed at the claims levied against them in the first complaint, and Defendant Grumman has directed its motion dismiss at the claims levied against it in the second complaint. Because the second complaint

1

levies no new claims against the Defendants, the Court will treat the motions to dismiss as applicable to both.

Against Defendant Grumman, Plaintiff has filed three counts of violations of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983 for its alleged involvement in searches of his person, home, and car by Arlington County police. The Court finds that Plaintiff failed to allege sufficient facts that plausibly demonstrate Grumman acted under color of state law. Grumman's sole involvement with the searches underlying Plaintiff's complaint is that it informed Defendant Kiriakou of the explicit images it had received from Plaintiff, which formed the partial basis for Defendant Kiriakou's decision to file the criminal complaint that preceded the issuance of search warrants of Plaintiff's property. Such unilateral action is insufficient to demonstrate Grumman was a state actor, which precludes liability under § 1983.

Against Defendant Bamford, Plaintiff has filed three counts of violations of his Fourth Amendment rights pursuant to § 1983 for allegedly unlawful searches of his person, vehicle, and home. He alleges Bamford applied for and executed the search warrants at issue as an Arlington County police detective. Plaintiff also filed a count of malicious prosecution against Bamford, but has since dropped that claim. After reviewing the relevant search warrant applications, the Court finds that Bamford is entitled to qualified immunity because the warrants he executed were ultimately issued

2

by a neutral magistrate and the warrant applications were not "so lacking in indicia of probable cause" as to render them apparently defective on their face. See Smith v. Munday, 848 F.3d 248, 256 (4th Cir. 2017).

Against Defendant Kiriakou, Plaintiff has filed three counts of violations of his Fourth Amendment rights pursuant to § 1983. He alleges Defendant Kiriakou filed a sworn criminal complaint and shared information with police, which preceded the allegedly unlawful searches of Plaintiff's person, vehicle, and home. In terms of state law claims, Plaintiff has raised against Defendant Kiriakou one count of malicious prosecution for her act of sharing information with Defendant Bamford prior to Plaintiff's arrest; three counts of defamation for her statements to Defendant Bamford that Plaintiff engaged in revenge porn, solicitation, and grand larceny; and two counts of intentional inflection of emotional distress for her act of making those same statements to Defendant Bamford. The Court finds Plaintiff has failed to allege sufficient facts that plausibly demonstrate Defendant Kiriakou was acting under color of state law simply by filing a criminal complaint or sharing information with police that led to Plaintiff's arrest and searches of his property. Aside from conclusory statements in his complaint, Plaintiff has not pled any specific facts that plausibly demonstrate Defendant Kiriakou engaged in a conspiracy or jointly participated with Defendant Bamford in the arrest and searches at

3

issue. Therefore, his § 1983 claims fail as a matter of law. Because this Court finds that Plaintiff's federal claims against Defendant Kiriakou should be dismissed, and those claims form the only basis for this Court's original jurisdiction over this matter, it will decline to exercise pendent jurisdiction over Plaintiff's remaining state law claims against Defendant Kiriakou.

It appears to the Court that with respect to Plaintiff's complaint filed on June 12, 2020, all claims levied against Defendant Bamford should be dismissed on 12(b)(6) grounds. In that same complaint for all claims raised against Defendant Kiriakou, Counts IV-VI should be dismissed on 12(b)(6) grounds and state law Counts XI, XIII, XV, XVI, XVII, and XVIII should be dismissed on 12(b)(1) grounds without prejudice. With respect to Plaintiff's complaint filed on October 8, 2021, all claims levied against Defendant Grumman should be dismissed on 12(b)(6) grounds. It is hereby

ORDERED that Defendants' motions to dismiss are GRANTED, and all counts against Defendants Grumman and Bamford are DISMISSED. It is further ORDERED that as to all remaining claims against Defendant Kiriakou, Counts IV-VI are DISMISSED, and Counts XI, XIII, XV, XVI, XVII, and XVIII are DISMISSED without prejudice. This case is hereby DISMISSED.

4

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 5, 2023